[Cite as *In re Estate of Sowande*, 2014-Ohio-5384.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

IN RE:  THE ESTATE OF OLUFELA     :     **O P I N I O N**
OBFUNMILAYO SOWANDE a.k.a. FELA
SOWANDE (DECEASED)            :

                                    **CASE NO.  2014-P-0018**

                                    :

Appeal from the Portage County Court of Common Pleas, Probate Division, Case No.
1987 ES 36785.

Judgment:  Affirmed.

*Leanne A. Sowande,* pro se, 13500 Pearl Road, Suite 139 #208, Strongsville, OH
44136 (Appellant).

*Reuben J. Sheperd,* Reuben J. Sheperd Attorney at Law, 11510 Buckeye Road,
Cleveland, OH  44104 (For Appellee-David L. Moore).

CYNTHIA WESTCOTT RICE, J.

{¶1}  Appellant, Leanne A. Sowande, appearing pro se, appeals the judgment
of the Portage County Court of Common Pleas, Probate Division, denying her motion to
vacate the order settling the fiduciary account filed in the estate of her late father, which
was closed 26 years ago in 1988.  At issue is whether the trial court's finding that the
executrix did not commit fraud in administering the estate was supported by competent,
credible evidence.  For the reasons that follow, we affirm.

{¶2}  On March 13, 1987, Olufela Obfunmilayo Sowande, a.k.a. Fela Sowande,
passed away while residing in Portage County, Ohio.  On May 13, 1987, decedent's

wife, Eleanor McKinley Sowande, filed the decedent's will, an application to probate the will, and an application for authority to administer the estate. The court admitted the will to probate; appointed Mrs. Sowande executrix; and ordered her to provide notice that the will was offered to probate.

{¶3} In May 1987, Mrs. Sowande filed an affidavit stating that the decedent had previously been married and had two daughters from the prior marriage who are now married and emancipated, but that she did not know their married names or present whereabouts.

{¶4} Pursuant to this notice, on May 21, 1987, the trial court vacated the admission of the will to probate and the appointment of Mrs. Sowande as executrix, and ordered her to provide notice by publication to decedent's unknown heirs of the offering of the will to probate. Such notice was provided in accord with Ohio law, and stated that a hearing would be held on July 6, 1987 on Mrs. Sowande's application to admit the will to probate. Pursuant to this legal notice and without objection, the will was re-admitted to probate and Mrs. Sowande was re-appointed executrix on November 9, 1987. Notice of her appointment was duly published.

{¶5} In the months that followed, Mrs. Sowande settled the estate. Mr. Sowande's will, dated November 23, 1982, expressly excluded his two daughters from receiving any assets from his estate and named his wife his sole beneficiary. The final account of the estate was filed on February 5, 1988. All assets were properly accounted for. The trial court approved the final account on March 24, 1988. Thereafter, the estate was closed and the fiduciary was discharged.

{¶6} Some 12 years later, in 2000, Mrs. Sowande passed away. Her estate was administered by her son and the decedent's step-son, appellee, David L. Moore, in the state of Montana. Mr. Moore was the sole beneficiary under his mother's will. Her estate is now closed.

{¶7} Nearly 26 years after the estate of Fela Sowande was closed, on October 25, 2013, his daughter from a prior marriage, appellant, Leanne A. Sowande, who was then 75 years old, filed a motion to reopen her late father's estate and to appoint her to administer his estate, which was supported by over 200 pages of documents. The motion was filed under R.C. 2109.35(A), and was essentially a motion to vacate the order settling the fiduciary account filed in the estate. Appellant alleged Mrs. Sowande committed fraud in the administration of her father's estate.

{¶8} The court held a conference on the motion on November 26, 2013. Appellant appeared pro se and appellee appeared through his counsel. The court stated it had reviewed appellant's motion and its attachments.

{¶9} Appellant stated her father, Fela Sowande, was from Nigeria. He was a music composer and moved to the United Kingdom when he was 37 years old. In 1968, when he was in his 70s, he moved to the United States where he taught music at Kent State University and resided in Portage County, Ohio.

{¶10} Appellant said her father had copyrights on some of his musical compositions; tape recordings of other music he had written; ceremonial clothing; and several family photos that were not listed as assets on the estate inventory. She does not know their monetary value, but said their value was mostly "sentimental." She said she wanted to be appointed fiduciary of her father's estate to answer questions she has

3

regarding whether anything was "out of line" with regard to the administration of her father's estate. She said she filed her motion under R.C. 2109.35(A).

{¶11} Appellee's counsel said that at the time of Mr. Sowande's death, he had a valid will. Proper notice was given and there was no fraud. He said that the executrix died many years ago and thus is unable to defend against appellant's baseless accusations. He said that appellee, as his mother's sole beneficiary, has pursued the items at issue, but that he has been unable to determine if any of this property still exists.

{¶12} The court set the matter for an evidentiary hearing on appellant's motion to vacate. The court gave appellant three months to retain counsel if she chose to do so and to give her counsel sufficient time to prepare for the evidentiary hearing. The court strongly urged appellant to retain counsel for the upcoming hearing.

{¶13} On February 26, 2014, the trial court held the evidentiary hearing. Once again, appellant appeared pro se and appellee appeared through his counsel. The court asked appellant to outline her evidence of Mrs. Sowande's alleged fraud. Appellant said she had two examples of the fraud. First, in Mrs. Sowande's May 1987 affidavit for service by publication, she said she did not know the present whereabouts of her husband's two daughters. Appellant said this was a lie and a fraud because she had talked to her father in 1985 and she told him where she lived. Appellant argued this proved that Mrs. Sowande knew her address and should have given her notice of the probate estate.

4

**{¶14}** For her second example of Mrs. Sowande's alleged fraud, appellant said she does not understand why Mrs. Sowande did not include her father's musical works in his inventory.

**{¶15}** Appellant argued she could not have challenged her father's will earlier because she was not notified of her father's probate case. However, materials submitted with appellant's motion to reopen show that she knew her father resided in Portage County at the time of his death in March 1987. Further, appellant learned about his death in July 1987, which was eight months before the court approved the final account of his estate on March 24, 1988. Yet, appellant did nothing for the next 25 years to determine whether a probate estate had been opened for her father, and did not file her motion to vacate until October 25, 2013.

**{¶16}** Appellee's counsel said that no one knows where Fela Sowande's musical compositions and other items mentioned by appellant are located or where to pursue them. Thus, he said there would be no point in reopening the estate to include them.

**{¶17}** The court said it would review again all of appellant's filings before ruling on her motion.

**{¶18}** On April 1, 2014, the court entered judgment denying appellant's motion to vacate. In support, the court made detailed findings of fact and conclusions of law. The court stated it had considered the documents attached to appellant's motion and found no evidence of fraud.

**{¶19}** One week later, on April 7, 2014, appellant submitted a letter to the clerk of the trial court, with the following attachments: (1) a letter requesting that all court proceedings be transcribed; (2) a letter requesting findings of fact and conclusions of

5

law in support of the court's judgment; and (3) "Material Evidence RE: Challenge to Alleged Marital Status of Principal Parties in This Case."

**{¶20}** On April 8, 2014, the trial court signed a journal entry stating its April 1, 2014 judgment denying appellant's motion to vacate was the court's findings of fact and conclusions of law.

**{¶21}** Appellant appeals the trial court's April 1, 2014 judgment, asserting four assignments of error. Her first assigned error alleges:

**{¶22}** "The trial court denied due process guaranteed by the 14[th] Amendment of the United States Constitution to the Appellant Leanne A Sowande and the Appellant's sister Beverly F. Sowande (now deceased) by prejudicially excluding relevant evidence, that the fiduciary's failure to provide 'meaningful notice' at a 'meaningful time' to the known and/or easily ascertainable address of the Appellant and the Appellants sister Beverly F. Sowande (now deceased), pursuant to R.C. 2109.02, was a harmful, deliberate, act of constructive fraud; and, that the trial court failed to provide 'meaningful notice at a meaningful time' to the Appellant, that the relevant evidence of constructive fraud had been excluded by the Court violating Fed. Rules of Evidence 401-402 and Ohio Rules of Evidence 401-402." (Sic throughout.)

**{¶23}** Before addressing the merits of this assigned error, we note that Leanne A. Sowande is the sole appellant in this case and that her sister Beverly passed away in 2010. Thus, appellant cannot assert the alleged violation of Beverly's rights in this appeal. We therefore confine our analysis and holding to appellant's appeal.

**{¶24}** Moreover, at the November 26, 2013 conference, appellant argued her motion was based on R.C. 2109.35(A). That section provides:

6

**{¶25}** The order of the probate court upon the settlement of a fiduciary's account shall have the effect of a judgment and may be vacated only as follows:

**{¶26}** The order may be vacated for fraud, upon motion of any person affected by the order * * *, *if the motion is filed * * * within one year after discovery of the existence of the fraud.*

**{¶27}** "R.C. 2109.35(A) permits a motion to vacate to be filed within the year after fraud is discovered." *Santillo v. Fenwick*, 9th Dist. Summit No. 16801, 1995 Ohio App. LEXIS 391, *6 (Feb. 1, 1995). The undisputed evidence shows that appellant did not file her motion within the one-year time limit set forth in this statute. The documents attached to appellant's motion to vacate show that on February 9, 2012, appellant wrote a letter to the trial court regarding her father's estate. Thus, she was aware of the existence of the estate by that date. Further, these documents show that on April 2, 2012, she wrote an e-mail stating she had a fraud claim regarding her father's musical works and that she was "taking steps to correct" this. Thus, appellant discovered her alleged fraud claim at the latest by April 2, 2012, and had until April 2, 2013, to file her motion to reopen, but did not file it until six months later on October 25, 2013. While appellant's motion to reopen was thus untimely by six months, appellee did not raise this issue below and it is thus waived. *State v. Awan*, 22 Ohio St.3d 120,122 (1986).

**{¶28}** Turning now to the merits of appellant's appeal, "'R.C. 2109.35(A), which provides that the settlement order of the probate court may be vacated upon the motion of any person affected thereby, is based upon fraud. Fraud must be shown by clear and convincing proof.'" *Mathe v. Fowler*, 13 Ohio App.3d 273, 274-275 (11th

7

Dist.1983), quoting *In re Estate of Nyhuis*, 65 Ohio Law Abs. 65 (App.1952). "Cases vacating settlement orders on the basis of fraud usually involve an *intentional misappropriation of funds by an administrator * * *.*" *Mathe*, *supra*, at 275.

{¶29} In *Mathe*, this court held that a motion to vacate on the basis of fraud was properly denied because the record did not contain clear and convincing proof that the fiduciary *intentionally omitted a tort claim from the account to defraud the tort claimants*. *Mathe*, *supra*, at 275. In *Mathe*, there was a dispute about the sufficiency of the tort complaint and the claim was not liquidated when the account was filed. In those circumstances, this court held there was no clear and convincing proof of fraud and thus the trial court did not err in denying the motion to vacate by reason of fraud. *Id*. As a result, under R.C. 2109.35(A), an allegation of fraud must be supported by clear and convincing evidence that *the fiduciary intentionally defrauded the court, a beneficiary, and/or an estate claimant.*

{¶30} Further, in *Pengelly v. Thomas*, 151 Ohio St. 51 (1949), the Supreme Court of Ohio held that an executrix who innocently held herself out as the lawful wife of the deceased had not committed fraud when, three years after approval of her final account, it was discovered that the deceased had been previously married; that he was never divorced; and that the executrix was thus not actually his wife. *Id*. at syllabus.

{¶31} Appellant's first assigned error essentially challenges the court's judgment denying her motion to vacate as being against the manifest weight of the evidence. In a civil case, an appellate court will not reverse a judgment as being against the weight of the evidence as long as there is some competent, credible evidence supporting the judgment. *C.E. Morris Co. v. Foley Construction Co.*, 54 Ohio St.2d 279 (1978),

8

syllabus. Even if we do not agree with the trial court or might have found differently, we cannot substitute our judgment for that of the trial court. We must give deference to the trier of fact because it is best able to observe the witnesses and their demeanor and to determine their credibility. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984).

{¶32} Appellant argues Mrs. Sowande committed fraud by, first, stating in her affidavit for service by publication that she did not know appellant's present whereabouts, and, second, by not including her father's musical works and other items in his inventory.

{¶33} For the first prong of appellant's fraud argument, she contends that because she gave her address to her father two years before his death, Mrs. Sowande lied when she said in her affidavit that she did not know her present whereabouts. However, the fact that appellant gave her address to her father two years before his death does not mean her father gave her address to his wife. Without proof that Mrs. Sowande actually knew appellant's address when she executed her affidavit, there is no clear and convincing evidence of fraud. *Mathe*, *supra*.

{¶34} Appellant alternatively argues that, even if Mrs. Sowande did not engage in actual fraud, the evidence supported a finding of constructive fraud. Constructive fraud is the breach of a duty, which, regardless of the existence of fraudulent intent, the law declares fraudulent, because of its tendency to deceive others or violate a confidence. *Cohen v. Estate of Cohen*, 23 Ohio St.3d 90, 91 (1986). "Constructive fraud often exists where the parties to a contract have a special confidential or fiduciary relationship." *Id*. at 92. However, in her motion to vacate, appellant alleged "deliberate fraud" and never argued her claim was based on constructive fraud. Moreover, at both

9

the conference and the evidentiary hearing, appellant never said her motion was based on constructive fraud.

{¶35} It is well-established that an appellant may not assert a new theory for the first time before an appellate court. *Kalish v. Trans World Airlines*, 50 Ohio St.2d 73, 77 (1977). "Having determined the impropriety of the presentment of appellant's [argument], no discussion of its merits is warranted." *Id.*

{¶36} In any event, because there was no evidence Mrs. Sowande breached a contract with or violated a fiduciary duty owed to appellant, there was no evidence of constructive fraud.

{¶37} For the second prong of appellant's fraud argument, she contends the fact that her father's musical works, copyrights, audio tapes, ceremonial clothing, and photos were not included on the inventory also proves Mrs. Sowande's fraud. However, appellant did not submit any evidence that Mrs. Sowande was *aware* of the existence of any of these items. Without evidence that appellant knew about these items, there was no clear and convincing evidence of fraud. *Mathe*, *supra*.

{¶38} We therefore hold the trial court's finding that Ms. Sowande did not engage in fraud was supported by competent, credible evidence and the court's denial of appellant's motion to vacate was not against the manifest weight of the evidence.

{¶39} Appellant's first assignment of error is overruled.

{¶40} Because appellant's second, third, and fourth assigned errors are interrelated, repetitive, and governed by the same legal principles, they are considered together. They allege:

**{¶41}** "[2.] The trial Court committed prejudicial error in (1) its failure to acknowledge, consider, and admit into the record of the proceedings, Court certified existing documentary evidence, and NEW, verifiable, documentary evidence, properly submitted to the Court by the Appellant pursuant to Fed. Rules of Evidence 401-402 and Ohio Rules of Evidence 401-402; and, (2) the trial Court committed prejudicial error in its failure to judicially notice, or otherwise lawfully notice the Appellant of any deficiency, rejection, and/or exclusion of relevant evidentiary documents, by providing a clear statement of cause, and method to cure any found deficiency, that would result in the Court's rejection, and/or exclusion of the properly submitted documentary evidence; and, (3) in so doing the trial Court denied 14th Amendment procedural due process to this Appellant.

**{¶42}** "[3.] The trial Court committed prejudicial error violating Fed. Rules of Evidence 401-402 and Ohio Rules of Evidence 401-402. by wrongly excluding relevant evidence of Obstruction of Justice, [violation of R.C. 2911, R.C. 2921.12; and 18 U.S.C. Section 1001] by the fiduciary and Executrix Eleanor McKinney (Sowande) in her knowing filing of false documents with the Court in the probate of 1987; and, the Court committed prejudicial error violating Fed. Rules of Evidence 401-402 and Ohio Rules of Evidence 401-402 in wrongly excluding relevant evidence of Obstruction of Justice, [violation of R.C.2911, R.C. 2921.12;and 18 U.S.C. Section 1001] in the knowing filing of false documents with a Federal Court, by the Appellee, David L. Moore, in 2012. The trial Court's prejudicial exclusion of the relevant evidence of Obstruction of Justice, further denied 14th Amendment's procedural due process to this Appellant.

11

{¶43} "[4.] The trial Court committed prejudicial error [violating Fed. Rules of Evidence 401-402] and denied the Appellant 14th Amendment due process in: (1) wrongly excluding relevant evidence that supports the Appellant's claims of fraud and denial of due process articulated in the Motion to Reopen; and, (2) prejudicially excluded relevant evidence without timely notification provided to the Appellant with information as to cause(s) of the exclusion, and/or, timely information of the procedures to cure deficiencies and prevent exclusion, and, (3) demonstrated prejudicial partiality and bias in the Journal Entries which, rule entirely against the weight of the relevant, substantial, clear, and compelling evidence of fraud submitted to the court by the Appellant in 2013 and 2014; and (4) demonstrated partiality and bias in the misleading language [no evidence was offered] in the Court's Order overruling the Appellant's Motion to Reopen Case Number ES 1987 36785 pursuant to R.C. 2109.35(A)." (Sic throughout.)

{¶44} Appellant argues that because the court found there was no evidence of fraud on the part of the fiduciary, this means the court improperly excluded her documents from the evidence. However, the court did not exclude any of her exhibits. In fact, during the conference, the court stated it had considered the evidence appellant had submitted with her motion to reopen. And, during the evidentiary hearing, the court said it would again review all documents that appellant had filed before ruling on her motion. Moreover, in its judgment, the court stated it had "considered the statements of [appellant] and [appellee's counsel]. The court also considered the filings of [appellant]." Thus, the court did not exclude any of the documents submitted by appellant with her

motion. The court simply found that none of these documents proved that Mrs. Sowande committed fraud in administering her husband's estate.

{¶45} Next, appellant argues that her post-judgment letter to the court asking for findings of fact and conclusions of law regarding the court's April 1, 2013 judgment constituted a request for judicial notice of the documents she submitted. However, this letter could not reasonably be construed as a request for judicial notice. Because appellant never asked the court to take judicial notice, the court was not required to do so. Evid.R. 201(D). Moreover, by not requesting judicial notice, any issue regarding the taking of judicial notice is waived. *Awan*, *supra*, at 122.

{¶46} Next, appellant argues the trial court gave her leave to submit additional evidence at the February 26, 2014 evidentiary hearing and that the documents she sent to the court after final judgment was entered were submitted pursuant to such leave. However, appellant either misstates or misconstrues the court's comments. Appellant did not request and *the court did not grant her such leave*. Instead, the court stated, not at the February 26, 2014 evidentiary hearing, but, rather, during the November 26, 2013 conference, that the court would schedule the evidentiary hearing in 90 days on February 26, 2014. The court said the purpose of setting the evidentiary hearing so far in advance was to give any attorney appellant might retain an opportunity to prepare for the evidentiary hearing and to review her motion to decide whether it needed to be amended. Thus, contrary to appellant's argument, the court did *not* give her leave to amend her motion or to file additional documents, *let alone after the court entered final judgment on her motion*.

**{¶47}** Alternatively, appellant argues that Civ.R. 15(B) allows for the admission of her post-judgment documents "to conform to the evidence." However, in making this argument, she misconstrues Civ.R. 15(B), which allows amendments to the pleadings to conform to the evidence to reflect *issues raised at trial*. Contrary to appellant's argument, this rule does *not* allow a court to admit documents concerning issues that were not tried, which were submitted to the court for the first time after trial and after the court entered final judgment without leave of court.

**{¶48}** Next, appellant argues the trial court was required to give her notice of any deficiencies or errors in the documents she submitted post-judgment so she could have cured them. However, because appellant submitted the documents at issue *after the court entered final judgment*, the case was closed and the court was not required to address them or to explain to appellant why it did not address them. Appellant's decision to proceed pro se does not excuse her ignorance or misunderstanding of the law. "'While one has the right to represent himself or herself and one may proceed into litigation as a pro se litigant, the pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and adherence to court rules. If the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.'" *Craft v. Edwards*, 11th Dist. Ashtabula No. 2007-A-0095, 2008-Ohio-4971, ¶41, quoting *State v. Pryor*, 10th Dist. Franklin No. 07-AP-90, 2007-Ohio-4275, ¶9.

**{¶49}** Next, appellant claims her post-judgment documents were relevant because they challenged the marital status of her father and Mrs. Sowande. However,

aside from the fact that these documents were submitted post-judgment and without leave of court, even if they were relevant for such purpose, without proof that Mrs. Sowande knew about them or their contents, they would not have proved intentional fraud. *Pengelly, supra.*

**{¶50}** Finally, appellant's argument that the trial court engaged in the crime of obstruction of justice by not considering her untimely-filed documents is without legal or factual support and does not merit further discussion.

**{¶51}** Appellant's second, third, and fourth assignments of error are overruled.

**{¶52}** For the reasons stated in this opinion, appellant's assignments of error lack merit and are overruled. It is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas, Probate Division, is affirmed.


THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.