The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
May 17, 2018

2018COA70

**No. 16CA2230, *Bell v. Land Title Guarantee Company* —
Limitation of Actions — When a Cause of Action Accrues;
Contracts — Mutual or Unilateral Mistake**

In this case two legal principles intersect:

1. anyone who signs a document is presumed to know its

   contents; and

2. a cause of action accrues on the date when both the

   claimant's injury and its cause are known or should have

   been known by the exercise of reasonable diligence.

From this intersection, we must determine whether the
presumed-to-know-what-you-signed principle conclusively
establishes, as a matter of law, that the statute of limitations for a
claim against a third person who prepared the document begins to
run on the date the claimant signed it. We conclude that it doesn't.

COLORADO COURT OF APPEALS                    2018COA70

---

Court of Appeals No. 16CA2230
Weld County District Court No. 16CV30498
Honorable Todd L. Taylor, Judge

---

Charles C. Bell and Shirley M. Bell,

Plaintiffs-Appellants,

v.

Land Title Guarantee Company, Orr Land Company LLC, and Tammy
Ellerman,

Defendants-Appellees.

---

JUDGMENT REVERSED

Division II
Opinion by JUDGE HAWTHORNE
Dailey and Welling, JJ., concur

Announced May 17, 2018

---

Poulson, Odell & Peterson, LLC, Nick A. Swartzendruber, Aaron G. Norris,
Denver, Colorado, for Plaintiffs-Appellants

Frascona, Joiner, Goodman and Greenstein, PC, Britney D. Beall-Eder, Cinthia
Manzano, Boulder, Colorado; Robinson Waters & O'Dorisio, PC, Stephen L.
Waters, Kimberly A. Bruetsch, Denver, Colorado, for Defendants-Appellees

¶ 1    We all know that we should read carefully and understand any important document before we sign it.  In fact, a principle of contract law says that anyone who signs a document is presumed to know its contents.  We also know generally that if we have a legal claim arising from a document we've signed, we must file that claim in court within a certain time or our claim may be barred by a statute of limitations.  And as to when that time starts to run, another principle of law codified by a Colorado statute says it starts on the date when both the claimant's injury and its cause are known or should have been known by the exercise of reasonable diligence.

¶ 2    This case poses a question arising from the intersection of these two legal principles: Does the presumed-to-know-what-you-signed principle conclusively establish, as a matter of law, that the statute of limitations for a claim against a third person who prepared the document begins to run on the date the claimant signed it?  We conclude that it doesn't.  So we reverse the district court's order dismissing negligence and breach of contract claims brought by plaintiffs, Charles C. Bell and Shirley M. Bell, against defendants,

1

Land Title Guarantee Company (Land Title), Orr Land Company LLC (Orr), and Tammy Ellerman.

## I. Facts and Procedural Background

¶ 3 The Bells hired Orr and its employee Ellerman to represent them in selling their real property. Orr found a buyer,[1] and the Bells entered into a buy and sell contract with the buyer, which provided — as pertinent here — that the sale excluded all oil, gas, and mineral rights in the property. Orr then retained Land Title to draft closing documents, including the warranty deed. On May 31, 2005, the Bells signed the warranty deed and sold the property to the buyer.

¶ 4 The Bells didn't know that the warranty deed prepared by Land Title didn't contain any language reserving the Bells' mineral rights as provided in the buy and sell contract. But, for over nine years, the Bells continued to receive the mineral owner's royalty payments due under an oil and gas lease on the property. In September 2014, the lessee oil and gas company learned that the Bells hadn't owned the mineral rights to the property since closing on the buy

---

[1] This appeal was dismissed as to the buyer.

2

and sell contract in May 2005. So, it began sending the mineral owner's royalty payments to the buyer. After that, the Bells discovered that the warranty deed they had signed over nine years earlier didn't reserve their mineral rights as provided in the buy and sell contract.

¶ 5 In May 2016, the Bells filed this negligence and breach of contract action against defendants. Defendants filed motions to dismiss under C.R.C.P. 12(b)(5), arguing that the Bells' claims were untimely because the statute of limitations had run.

¶ 6 The district court agreed and granted defendants' motions to dismiss. The court reasoned that the Bells' complaint showed that they had signed the deed in 2005 (eleven years before filing suit) and, because they were charged with knowing the contents of the document they signed, they should have discovered when they signed the deed that it failed to reserve their mineral rights.

## II. Statute of Limitations

¶ 7 The Bells contend that the court erred in granting defendants' motions to dismiss because they sufficiently alleged facts that, if true, establish that the statute of limitations didn't begin to accrue on their claims until the oil and gas company ceased payment in

September 2014, which is when they contend they discovered that the warranty deed didn't reserve their mineral rights. We agree.

A.    Standard of Review and Applicable Law

¶ 8    We review de novo a district court's order dismissing claims under C.R.C.P. 12(b)(5), and we accept all averments of material fact in the complaint as true and view all allegations in the light most favorable to the plaintiffs. *Pub. Serv. Co. of Colo. v. Van Wyk*, 27 P.3d 377, 386 (Colo. 2001); *State Farm Fire & Cas. Co. v. Weiss*, 194 P.3d 1063, 1065 (Colo. App. 2008).

¶ 9    A district court may grant a motion to dismiss based on the statute of limitations if the plaintiff's complaint shows on its face that the claim was not timely filed. *SMLL, L.L.C. v. Peak Nat'l Bank*, 111 P.3d 563, 564-65 (Colo. App. 2005). So, where the facts alleged by the plaintiff show when the plaintiff discovered or reasonably should have discovered the defendant's misconduct, the court may determine when the plaintiff's action accrued as a matter of law. *See Anderson v. Somatogen, Inc.*, 940 P.2d 1079, 1083 (Colo. App. 1996); *see also Morris v. Geer*, 720 P.2d 994, 997 (Colo. App. 1986) ("The time when a plaintiff discovered, or through the use of reasonable diligence should have discovered, the negligent conduct

4

is normally a question of fact . . . . [But] where the undisputed facts clearly show that a plaintiff discovered, or reasonably should have discovered, the negligent conduct as of a particular date, the issue may be decided as a matter of law."); *Palisades Nat'l Bank v. Williams*, 816 P.2d 961, 963 (Colo. App. 1991) (same).

## B. Analysis

¶ 10 A plaintiff must commence tort actions within two years from the date the cause of action accrues, *see* § 13-80-102(1)(a), C.R.S. 2017, and contract actions within three years from the date the cause of action accrues, *see* § 13-80-101(1)(a), C.R.S. 2017. A cause of action "shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." § 13-80-108(1), C.R.S. 2017.

¶ 11 The Bells executed the warranty deed conveying their property on May 31, 2005. The district court assumed as true the Bells' allegations that the oil and gas company stopped making royalty payments to them in September 2014 and the Bells did not learn that the language reserving mineral rights was not included in the warranty deed until over nine years after they had signed it. The Bells filed their complaint in May 2016.

¶ 12 The court relied on the legal principle that one who signs a document is presumed to know its contents to determine when the Bells knew or should have reasonably known of both their injury and its cause. *See People v. Madison*, 176 P.3d 793, 805 (Colo. App. 2007) ("A person is presumed to know the contents of any document he signs."); *Forman v. Brown*, 944 P.2d 559, 562 (Colo. App. 1996) (same). So, according to the court, the Bells should have known by exercising reasonable diligence on the day they signed the deed, May 31, 2005, that the mineral rights reservation language was not included in it, and thus, their claims against defendants accrued on that date.

¶ 13 But, the Bells contend that the presumed-to-know principle applies conclusively only where a party (for example, a grantor) seeks to avoid the legal effects of a deed in an action against another party to the conveyance (a grantee), *not* where a party (again, a grantor) asserts claims against third parties who failed to conform the deed to an underlying agreement on that party's behalf. We agree.

1. Presumed to Know

¶ 14 Colorado cases have repeatedly held that one who signs or accepts a written contract, in the absence of fraud, is conclusively presumed to know its contents and to assent to them. *See Poly Trucking, Inc. v. Concentra Health Servs., Inc.*, 93 P.3d 561, 563 (Colo. App. 2004) ("[W]here a party's unilateral mistake is the result not of fraud, but of its own failure to use due diligence in reading the contract before signing it, that party will be held to the terms of the contract."); *see also Rasmussen v. Freehling*, 159 Colo. 414, 412 P.2d 217 (1966) (same); *Kovacheff v. Langhart*, 147 Colo. 339, 343, 363 P.2d 702, 704 (1961) (same); *Erickson v. Knights of the Maccabees of the World*, 71 Colo. 9, 13, 203 P. 674, 675 (1922) (same); *Cordillera Corp. v. Heard*, 41 Colo. App. 537, 592 P.2d 12 (1978) (same).

¶ 15 This principle is applied to preserve the integrity and sanctity of written documents. Any other rule "would throw chaos into all contract arrangements because a party could avoid responsibility quite conveniently simply by signing a contract without reading it." 27 Richard A. Lord, *Williston on Contracts* § 70:113, Westlaw (4th ed. database updated May 2017); *see also Upton v. Tribilcock*, 91 U.S. 45, 50 (1875) ("It will not do for a man to enter into a contract,

and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written.").

¶ 16 But the integrity and sanctity of the warranty deed isn't challenged in this case. The Bells' claims against defendants, who aren't parties to the deed, don't seek to avoid the deed or in any way affect it. Instead, the Bells' negligence and breach of contract claims assert that defendants negligently prepared the warranty deed on their behalf, and they seek only damages from defendants. So the purpose of the presumed-to-know principle — to prevent the Bells from "throw[ing] chaos" into their contract arrangements — isn't applicable here. *See Dashiell v. Meeks*, 913 A.2d 10, 21 (Md. 2006) ("[T]his [presumed-to-know] principle of contract law . . . 'does not conclusively establish as a matter of law that the statute of limitations for a legal malpractice claim against the attorney who prepared the contract expires three years after the date the contract was signed.'" (quoting *Meeks v. Dashiell*, 890 A.2d 779, 788 (Md. Ct. Spec. App. 2006))).

¶ 17 True, if this case involved simply the Bells' failure to read an easily understood deed and the Bells were asking to rescind it to recover their mineral rights, the presumed-to-know principle would undoubtedly apply. *See Moats v. Prof'l Assistance, LLC*, 319 P.3d 892, 898 (Wyo. 2014) (observing that in professional negligence claims, "[t]here are other facts to balance"). But extending the principle to determine conclusively, as a matter of law, the accrual date of a professional negligence or breach of contract claim would, in our opinion, broaden the principle beyond its intended scope. And doing so would (1) expand its purpose from preserving the integrity and sanctity of signed documents to conclusively marking the accrual of a tort or breach of contract claim against a third party for statute of limitations purposes; (2) enlarge its generally recognized application, which is limited to conflicts between parties to the contract, to include third parties; and (3) distort its function to encompass third party professional negligence claims.

¶ 18 To be clear, we don't conclude that the presumed-to-know principle is inapplicable in all professional negligence cases. We conclude only that this principle doesn't conclusively establish, as a matter of law, that the statute of limitations for a breach of contract

9

or negligence claim against a third party who prepared the deed begins running the day the deed is signed.

### 2. Motions to Dismiss

¶ 19 We assume, as did the district court, that the Bells did not learn until September 2014 that the language reserving all oil, gas, and other mineral rights wasn't included in the deed they signed on May 31, 2005. *See Ybarra v. Greenberg & Sada, P.C.*, 2016 COA 116, ¶ 6 ("In reviewing a motion to dismiss, we accept all matters of material fact in the complaint as true and view the allegations in the light most favorable to the plaintiff.") (*cert. granted* Feb. 27, 2017). So, taking the complaint's factual allegations as true, the Bells filed their negligence and breach of contract claims within the statute of limitations in May 2016.

¶ 20 Defendants argue that the Bells, using reasonable diligence, should have discovered earlier than September 2014 that their warranty deed didn't reserve any mineral rights. But such a factual question cannot be resolved in a Rule 12(b)(5) motion to dismiss ruling. *Warne v. Hall*, 2016 CO 50, ¶ 9 (holding that a party must plead sufficient facts that, *if taken as true*, suggest plausible grounds to support a claim for relief). We must review whether the

Bells have alleged in their complaint facts that, when taken as true, "state a claim for relief that is plausible on its face." *Id.* at ¶¶ 1-2 (citation omitted). They have. So we conclude that the court erred in granting defendants' motions to dismiss.

### III.   Conclusion

¶ 21 The district court's order dismissing the Bells' complaint is reversed.

JUDGE DAILEY and JUDGE WELLING concur.