[Cite as *Mickens v. Fisher Phillips Law Firm*, 2024-Ohio-2216.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| BRIAN MICKENS, | CASE NO. 2024-T-0016 |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| FISHER PHILLIPS LAW FIRM, | |
| Defendant-Appellee. | Trial Court No. 2023 CV 01487 |

**O P I N I O N**

Decided: June 10, 2024
Judgment: Affirmed

*Brian Mickens*, pro se, 1325 Riverview Street, N.W., Warren, OH 44485 (Plaintiff-Appellant).

*Anthony D. Dick* and *Richard A. Millisor*, Fisher & Phillips, LLP, 200 Public Square, Suite 4000, Cleveland, OH 44114 (For Defendant-Appellee).

MARY JANE TRAPP, J.

{¶1}   Plaintiff-appellant, Brian Mickens ("Mr. Mickens"), appeals the judgment of the Trumbull County Court of Common Pleas dismissing his civil complaint against defendant-appellee, Fisher Phillips Law Firm ("Fisher"), for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).

{¶2}   Mr. Mickens does not explicitly raise any assignments of error.  However, we construe his brief as asserting that the trial court erred in dismissing his complaint.

{¶3}   After a careful review of the record and pertinent law, we find the trial court did not err by dismissing Mr. Mickens' complaint.  The allegations in Mr. Mickens'

complaint failed to state claims against Fisher for negligent misrepresentation. Thus, Mr. Mickens' assignment of error is without merit, and we affirm the judgment of the Trumbull County Court of Common Pleas.

## Substantive and Procedural History

{¶4} On October 5, 2023, Mr. Mickens filed a pro se civil complaint against Fisher in the Trumbull County Court of Common Pleas. In the first section of his pleading, Mr. Mickens listed the purported elements of claims for "negligent misrepresentation," "malicious prosecution," and "abuse of process." In the second section, Mr. Mickens asserted three counts of "negligent misrepresentation" against Fisher.

{¶5} In count one, Mr. Mickens alleged:

{¶6} "On August 15, 2022 Defendant took on a case involving a Last Chance Agreement Contract between the Plaintiff, and the attorney's client Berry Global; Attorney was clear as to what said contract entailed, the case was dismissed without presenting the Contract as evidence in the courts, Plaintiff is currently seeking relief in Ohio Supreme Court." [sic throughout.]

{¶7} In count two, Mr. Mickens alleged:

{¶8} "On March 20, 2023 the case was published on google and also on bing with case being dismissed and made as a public interest without the evidence and facts presented in the courts, the last chance agreement was not presented, the case was made public to defame the Plaintiff. The defendant performed Vexations Litigation only to embarrass the Plaintiff publicly because Plaintiff is Pro se." [sic throughout.]

{¶9} In count three, Mr. Mickens alleged, "Defendant is aware of the false accusation with in the contract by their Client Berry Global, Defendant performed vexation

2

Case No. 2024-T-0016

litigation to prevent their client from acquiring a law suit by the Plaintiff." [sic throughout.] Mr. Mickens requested compensatory damages in excess of $25,000, punitive damages, interest, and costs.[1]

{¶10} Fisher, through counsel, filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Mr. Mickens filed a "memorandum in response pursuant to Rule 8(A)." On January 23, 2024, the trial court filed a judgment granting Fisher's motion to dismiss and dismissing Mr. Mickens' complaint with prejudice.

{¶11} Mr. Mickens filed a notice of appeal. Although he does not explicitly raise any assignments of error, we construe his brief as asserting that the trial court erred in dismissing his complaint.

## Standard of Review

{¶12} A judgment granting a Civ.R. 12(B)(6) motion to dismiss is subject to de novo review. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶13} Ohio is a notice-pleading state. *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 29. Civ.R. 8 provides that "[a] pleading that sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(A). "Each averment of a pleading

---

1. It appears Mr. Mickens' complaint involves a separate civil action he filed against Berry Global in Portage County Court of Common Pleas case no. 2022 CV 00599, where Fisher appeared as Berry Global's counsel. The trial court dismissed Mr. Mickens' complaint, and he appealed to this court. We dismissed Mr. Mickens' appeal for failure to file an appellate brief that complied with the applicable rules. *See Mickens v. Berry Global*, 11th Dist. Portage No. 2022-P-0066, 2023-Ohio-885. We also struck several of Mr. Mickens' post-judgment filings. Mr. Mickens further appealed to the Supreme Court of Ohio, which declined jurisdiction. *See Mickens v. Berry Global, Inc.*, 172 Ohio St.3d 1425, 2023-Ohio-4410, 223 N.E.3d 488.

3

Case No. 2024-T-0016

shall be simple, concise, and direct," and "[n]o technical forms of pleading or motions are required." Civ.R. 8(E)(1). Further, "[a]ll pleadings shall be so construed as to do substantial justice." Civ.R. 8(F). The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies. *State ex rel. Huntington Ins. Agency, Inc. v. Duryee*, 73 Ohio St.3d 530, 533, 653 N.E.2d 349 (1995).

{¶14} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). In resolving a Civ.R. 12(B)(6) motion, courts are confined to the allegations in the complaint and cannot consider outside materials. *State ex rel. Baran v. Fuerst*, 55 Ohio St.3d 94, 97, 563 N.E.2d 713 (1990). In construing the complaint, a court must presume all factual allegations are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). However, unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss. *State ex rel. Martre v. Reed*, 161 Ohio St.3d 281, 2020-Ohio-4777, 162 N.E.3d 773, ¶ 12. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt from the complaint the plaintiff can prove no set of facts entitling him to recovery. *Cleveland Elec. Illuminating Co. v. PUCO*, 76 Ohio St.3d 521, 524, 668 N.E.2d 889 (1996).

**Law and Analysis**

{¶15} Upon review of the allegations in Mr. Mickens' complaint, we agree with the trial court that he can prove no set of facts entitling him to relief.

4

Case No. 2024-T-0016

{¶16} Mr. Mickens' complaint asserted three counts of "negligent misrepresentation" against Fisher. "The elements of negligent misrepresentation are as follows: 'One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.' (Emphasis added.) 3 Restatement of the Law 2d, Torts (1965) 126-127, Section 552(1), applied by th[e] court in *Gutter v. Dow Jones, Inc.* (1986), 22 Ohio St.3d 286, * * * 490 N.E.2d 898, and *Haddon View Investment Co. v. Coopers & Lybrand* (1982), 70 Ohio St.2d 154, * * * 436 N.E.2d 212." *Delman v. Cleveland Hts.*, 41 Ohio St.3d 1, 4, 534 N.E.2d 835 (1989).

{¶17} "A negligent misrepresentation claim does not lie for omissions[;] there must be an affirmative false statement." *Jochum v. Howard Hanna Co.*, 11th Dist. Lake No. 2020-L-077, 2020-Ohio-6676, ¶ 39. In addition, "[g]iven the elements of negligent misrepresentation, this court has concluded that such a claim is considered a business tort that is not meant to have extensive application." *Li-Conrad v. Curran*, 2016-Ohio-1496, 50 N.E.3d 573, ¶ 26 (11th Dist.). Therefore, the tort does not apply where there is no fiduciary-like relationship in which one party has a professional duty to provide dependable information to another. *Evon v. Walters*, 11th Dist. Geauga No. 2020-G-0266, 2021-Ohio-3475, ¶ 12.

{¶18} This court has held that a "[a] third party may, in limited circumstances, bring a cause of action for negligent representation against an attorney." *Altier v. Valentic*, 11th

5

Dist. Geauga No. 2003-G-2521, 2004-Ohio-5641, ¶ 34. "The third party must be 'a member of a limited class whose reliance on the * * * representation is specifically foreseen.'" *Id.*, quoting *Haddon View Invest. Co. v. Coopers & Lybrand*, 70 Ohio St.2d 154, 436 N.E.2d 212 (1982), syllabus. "Thus, a negligent representation claim by a third party against an attorney is 'confined only to one directly affected by the attorney's misrepresentation and *whose interest is identical to those of that attorney's client.*'" (Emphasis sic.) *Id.*, quoting *Orshoski v. Krieger*, 6th Dist. Ottawa No. OT-01-009, 2001 WL 1388037, *5 (Nov. 9, 2001).

{¶19} Mr. Mickens alleged that Fisher was counsel for Berry Global. However, he did not allege that he had an interest identical to that of Berry Global. In fact, it appears their interests were diametrically opposed. In addition, Mr. Mickens did not allege that Fisher affirmatively provided false statements to him, that he justifiably relied upon those false statements, or that the false statements caused him pecuniary loss.

{¶20} Although we acknowledge that Mr. Mickens is self-represented, a pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law. *In re Estate of Sowande*, 11th Dist. Portage No. 2014-P-0018, 2014-Ohio-5384, ¶ 48. Otherwise, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel. *Id.*

{¶21} Accordingly, the trial court did not err in dismissing Mr. Mickens' complaint for failure to state a claim pursuant to Civ.R. 12(B)(6). Mr. Mickens' assignment of error is without merit.

6

Case No. 2024-T-0016

{¶22} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.

JOHN J. EKLUND, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2024-T-0016