[Cite as *Janesch v. Frontier Airlines, Inc.*, 2024-Ohio-3370.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| MICHAEL JANESCH, | CASE NO. 2024-P-0024 |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Municipal Court, Kent Division |
| FRONTIER AIRLINES, INC., | |
| Defendant-Appellee. | Trial Court No. 2023 CVF 00575 K |

**O P I N I O N**

Decided: September 3, 2024
Judgment: Affirmed

*Stewart D. Roll*, 2020 East Swan Lake Circle, Kent, OH 44240 (For Plaintiff-Appellant).

*Geoffrey A. Belzer*, Wilson Elser Moskowitz Edelman & Dicker, LLP, 55 West Monroe, Suite 3800, Chicago, IL 60603 (For Defendant-Appellee).

JOHN J. EKLUND, J.

{¶1} Appellant, Michael Janesch, appeals the judgment of the Portage County Municipal Court, Kent Division, granting summary judgment in favor of Appellee, Frontier Airlines, Inc. (Frontier). Appellant's First Amended Complaint alleged three counts against Frontier: Breach of Contract, Misrepresentation, and a violation of Ohio's Consumer Sales Practices Act because Frontier cancelled Appellant's flight from Fort Myers, Florida to Cleveland, Ohio, which caused Appellant damages.

**{¶2}** Appellant has raised one assignment of error arguing that the trial court erred by granting summary judgment on each of the counts in his complaint in favor of Appellee.

**{¶3}** Having reviewed the record and the applicable caselaw, we find Appellant's assignment of error is without merit. The trial court did not err in granting summary judgment in favor of Frontier. First, Frontier's Contract of Carriage provided that if a flight is cancelled, the ticket holder can request a refund of the full ticket price, and when someone requests a refund, it "shall be the limit of Frontier's liability for the matters covered by this provision." Appellant requested and received a full refund of his ticket. Second, there is no question of fact supporting his claim that Frontier misrepresented anything to Appellant about his flight, its cancellation, or the options available to him should his flight be cancelled. Third, Appellant's claim under Ohio's Consumer Sales Practices Act fails because the Airline Deregulation Act (ADA) preempts state law with respect to the application of state consumer sales practices statutes.

**{¶4}** Therefore, we affirm the judgment of the Portage County Municipal Court, Kent Division.

### Substantive and Procedural History

**{¶5}** On April 17, 2023, Appellant filed a three-count complaint in the small claims division of the Portage County Municipal Court.

**{¶6}** On May 9, 2023, Appellant filed a motion to transfer the matter to the court's regular docket in accordance with R.C. 1925.10(B) because Frontier asserted it had good defenses to Appellant's claims. The trial court granted the motion and transferred the matter to the regular docket of the Portage County Municipal Court, Kent Division.

2

Case No. 2024-P-0024

{¶7}    Appellant filed a First Amended Complaint on July 10, 2023, alleging breach of contract, misrepresentation, and a violation of the Ohio Consumer Sales Practices Act. Frontier filed its Answer to the First Amended Complaint on July 21, 2023.

{¶8}    Appellant filed a Motion to Compel Production of Documents and for Sanctions on September 13, 2023.

{¶9}    On September 22, 2023, Frontier filed a Motion for Summary Judgment which included an Affidavit of Myriah Monteneri, a Claims Specialist for Frontier, Frontier's Contract of Carriage, Frontier's Customer Service Plan, and a copy of Appellant's flight details.

{¶10}   According to Frontier, on December 30, 2022, Appellant purchased a ticket for a March 24, 2023, 8:12 p.m. return flight from Fort Meyers, Florida to Cleveland, Ohio. Anyone purchasing a ticket through Frontier must first acknowledge Frontier's Contract of Carriage.

{¶11}   The Contract of Carriage provides in relevant part:

A. Liability Limited – Frontier will use reasonable efforts to transport passengers and baggage to the purchased destination, but published schedules, flight times, aircraft types, seat assignments, and similar details set forth in the ticket or Frontier's published schedules are not guaranteed and form no part of this Contract of Carriage. Frontier may substitute alternate aircraft, change schedules, delay or cancel flights, change seat assignments, and alter or omit stopping places shown on the ticket as required by its operations in Frontier's sole discretion. Frontier's obligations for failure to operate any flight, failure to operate a flight according to its schedule, or for changing the schedule or type of equipment used on any flight, with or without notice to the passenger are set forth below.

. . .

C. Delay, Misconnection, or Cancellation – In the event (i) a passenger's flight is canceled . . . Frontier will provide transportation on its own flights at no additional charge to the passenger's original destination or equivalent destination as provided herein. Frontier will have no obligation to provide

3

Case No. 2024-P-0024

transportation on another carrier. If Frontier cannot provide the foregoing transportation, **Frontier shall, if requested, provide a refund for the unused portion of the passenger's ticket in lieu of the transportation under the foregoing. The foregoing shall be the limit of Frontier's liability for the matters covered by this provision.** (Bold added).

**{¶12}** Frontier also included its Customer Service Plan, which it is required to adopt under Federal law. The Customer Service Plan states in relevant part:

Controllable Situations are defined as delays, diversions, cancellations or service delivery failures considered within Frontier's control (such as delayed bagged or flight delays and cancelations caused by some types of aircraft damage, mechanical issues, etc.) If your flight is delayed, canceled, diverted, or if you miss a connecting flight due to controllable situations, we'll place you on the next available Frontier flight at no additional cost. In addition, Frontier will provide meal vouchers for . . . cancellations that result in a Frontier rebooking that departs 3 hours or greater after the originally scheduled departure time. **Alternatively, if your flight is canceled or delayed in excess of 3 hours, we'll provide you, upon request, a full refund of any unused portion of your ticket.** (Bold added).

**{¶13}** On March 24, 2023, Frontier notified Appellant the flight had been cancelled 119 minutes before flight was scheduled to depart.

**{¶14}** Appellant accessed Frontier's self-service portal. The portal provided Appellant with an option to either rebook his flight or to request a refund.

**{¶15}** Frontier offered rebooking options including a flight on March 25, 2023, at 9:44 a.m. and a flight on March 25, 2023, at 10:12 p.m.

**{¶16}** Appellant did not choose to rebook his flight and instead requested a refund. Frontier issued a refund to Appellant in the amount of $231.94 ($181.94 refunded to a credit card and $50.00 refunded as a voucher).

**{¶17}** As to Count 1, Breach of Contract, Frontier's Motion for Summary Judgment argued that upon Appellant choosing to receive a refund, its contractual obligations to Appellant were concluded, citing its Contract of Carriage. Appellant also noted that the

4

Contract of Carriage contains a choice of law provision that provides for Colorado law to apply to claims for breach of contract.

{¶18} As to Count 2, Misrepresentation, Frontier argued that Appellant had not claimed any basis on which to believe that Frontier had misrepresented anything about the flight, its cancellation, or his refund. Frontier stated that Appellant's Misrepresentation claim was merely a repetition of the breach of contract claim.

{¶19} As to Count 3, a violation of the Ohio Consumer Sale Practices Act, Frontier argued that such a claim was preempted by Federal law. Frontier cited the Airline Deregulation Act (ADA), which contains a preemption provision providing that "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart." 49 U.S.C. § 41713(b)(1). Frontier cited *Kneuss v. Rittenour*, 2002-Ohio-6126 (5th Dist.), where the Fifth District held that claims for Consumer Sales Practice Act violations were preempted under the ADA. *Kneuss* at ¶ 22. (The ADA "preempts state law with respect to the application of state consumer sales practices statutes against airlines that are regulated by the ADA.").

{¶20} On September 25, 2023, Appellant filed an Opposition to Frontier's Motion for Summary Judgment. Appellant attached an affidavit to his opposition which stated that he never saw any conspicuous notice that Frontier's Contract of Carriage applied to his ticket purchase and that he never agreed to Frontier's Contract of Carriage. He therefore argued that there was a genuine issue of material fact as to his breach of contract claim. Appellant also claimed that Frontier misrepresented their obligation to provide air travel and violated the Consumer Sales Practices Act because Frontier did not

5

return the entirety of his ticket purchase price to him, and instead refunded him in part with a $50.00 voucher.

{¶21} On September 29, 2023, Frontier filed a Reply Brief in Support of its Motion for Summary Judgment, which included a second affidavit of Myriah Monteneri. The affidavit stated that the online booking process requires a customer to select "purchase and accept," which then directs customers to review Frontier's Contract of Carriage. Passenger's must agree to the Contract of Carriage before purchasing their tickets and "cannot, under [any] circumstances, complete the purchase of a ticket without first acknowledging receipt and agreement to the terms of the Contract of Carriage." (Second Affidavit of Monteneri at ¶ 7). The affidavit and supporting materials also demonstrated that Appellant used a voucher as partial payment for his ticket and was therefore given "a 100% refund for all funds paid in cash and a 100% voucher reimbursement for funds paid via voucher for the cancelled flight." (*Id.* at ¶ 18, citing attached Exhibit D).

{¶22} On February 23, 2024, the magistrate issued a decision overruling Appellant's Motion to Compel. Appellant filed a motion to set aside the magistrate's decision.

{¶23} On March 19, 2024, the trial court granted Frontier's Motion for Summary Judgment. As a result, the court further found that appellant's Motion to Compel was Moot.

{¶24} Appellant timely filed this appeal raising one assignment of error.

**Standard of Review**

{¶25} We review a trial court's grant of summary judgment de novo. *Hapgood v. Conrad*, 2002-Ohio-3363, ¶ 13 (11th Dist.), citing *Cole v. Am. Industries & Resources*

6

*Corp.*, 128 Ohio App.3d 546 (7th Dist.1998). "We review the trial court's decision independently and without deference, pursuant to the standards in Civ.R. 56(C)." *Allen v. 5125 Peno, LLC*, 2017-Ohio-8941, ¶ 6 (11th Dist.), citing *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711 (4th Dist.1993).

{¶26} Summary judgment is appropriate when (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion and it is adverse to the nonmoving party. *Holliman v. Allstate Ins. Co.*, 86 Ohio St.3d 414, 415 (1999). "The initial burden is on the moving party to set forth specific facts demonstrating that no issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). If the movant meets this burden, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists for trial. *Id.*

**Assignment of Error and Analysis**

{¶27} Appellant's assignment of error states: "The trial court erred in issuing a Summary Judgment Entry ("SJE") (T.d. 43) in favor of Defendant on March 19, 2024, and finding that Plaintiff's Motion to Compel Production of Documents is Moot."

{¶28} Appellant's arguments on appeal are both substantive and procedural. We address his procedural arguments first.

{¶29} First, Appellant argues that Frontier's Reply Brief in Support of its Motion for Summary Judgment should not have been considered because Rule 12(D)(2) of the Portage County Municipal Court does not describe or provide for filing a reply brief. He

7

Case No. 2024-P-0024

also argues that the Reply Brief introduced new arguments in support of summary judgment and constituted "summary judgment by ambush."

**{¶30}** However, Appellant failed to file a motion to strike the Reply Brief in the trial court. "The failure to file a motion to strike or otherwise object to evidence that fails to comply with Civ.R. 56(C) results in a forfeiture of the issue on appeal." *Greene v. Partridge*, 2016-Ohio-8475, ¶ 23 (4th Dist.), citing *State ex rel. Chuvalas v. Tompkins*, 83 Ohio St.3d 171, 173 (1998). Therefore, Appellant's procedural arguments are not well taken.

**{¶31}** Next, we address Appellant's substantive arguments. As to Count 1, the Contract of Carriage contains a choice of law provision that Colorado law apply to claims for breach of contract. In *Schulke Radio Productions, Ltd. v. Midwestern Broadcasting Co.*, 6 Ohio St.3d 436 (1983), the Ohio Supreme Court adopted the following standard for contractual choice of law questions:

> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
>
> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
>
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

*Id.* at 438-439, quoting Restatement of Law 2d (1971) 561, Conflict of Laws, Section 187.

**{¶32}** Frontier is a Colorado based company and has a substantial relationship with that State. The Contract for Carriage states that Colorado law shall govern the

8

contract between the parties. Appellant has not meaningfully argued that Colorado law should not apply to this question. Therefore, we will apply Colorado law to the breach of contract claim.

{¶33} Under Colorado law, the essential elements of a contract are: "(1) the existence of a contract, (2) performance by the plaintiff or some justification for nonperformance, (3) failure to perform the contract by the defendant, and (4) resulting damages to the plaintiff." (Internal citations omitted). *W. Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo.1992).

{¶34} Appellant argues that Frontier admitted to breaching the Contract of Carriage because Frontier admitted to cancelling his flight, which caused him damages. He further argues that he never saw any conspicuous notice of the Contract of Carriage and purchased his tickets without agreeing to the Contract of Carriage.

{¶35} However, Appellant's self-serving assertion is not sufficient to create a genuine issue of material fact. Frontier provided evidence that all customers purchasing a ticket online must first click "purchase and accept" before they are directed to review Frontier's Contract of Carriage. It is not possible for customers to complete a purchase without first agreeing to the terms of the Contract of Carriage. There is no material question that Appellant did in fact agree to the terms of the Contract of Carriage. Whether Appellant read those terms is not determinative.

{¶36} Colorado law is plain on this front: "Colorado cases have repeatedly held that one who signs or accepts a written contract, in the absence of fraud, is conclusively presumed to know its contents and to assent to them." *Bell v. Land Title Guarantee Co.*, 2018 COA 70, ¶ 14 (Div. II). "Any other rule 'would throw chaos into all contract

9

arrangements because a party could avoid responsibility quite conveniently simply by signing a contract without reading it.'" *Id.*, quoting 27 Richard A. Lord, *Williston on Contracts* § 70:113.

**{¶37}** The Contract of Carriage provided that in the event of a cancellation "Frontier shall, if requested, provide a refund for the unused portion of the passenger's ticket in lieu of the transportation under the foregoing. The foregoing shall be the limit of Frontier's liability for the matters covered by this provision." There is no question that Appellant requested a refund of the unused portion of his ticket in lieu of scheduling at no cost on a rebooked Frontier flight. Under the plain terms of the Contract of Carriage, once Appellant selected a refund of his ticket, Frontier's liability for any additional incurred damages was terminated. Because of this, Appellant cannot prevail on this claim and there is no genuine issue of fact and Frontier was entitled to summary judgment as a matter of law on Count 1.

**{¶38}** As to Count 2, Appellant argues that Frontier misrepresented their obligation to provide him with air travel on his booked flight. As this is a tort claim, Ohio law applies.

**{¶39}** From Appellant's complaint and affidavit supporting his Opposition to Summary Judgment, it is unclear precisely what Frontier misrepresented to Appellant or whether he is asserting an intentional or negligent misrepresentation claim. However, "[g]iven the elements of negligent misrepresentation, this court has concluded that such a claim is considered a business tort that is not meant to have extensive application." *Mickens v. Fisher Phillips Law Firm*, 2024-Ohio-2216, ¶ 17 (11th Dist.). Therefore, we will presume a claim of intentional misrepresentation.

10

**{¶40}** The elements of intentional misrepresentation are:

"(1) a representation, or where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying on it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance."

*Kimball v. Duy*, 2002-Ohio-7279, ¶ 23 (11th Dist.), quoting *Cardi v. Gump*, 121 Ohio App.3d 16, 22 (8th Dist. 1997).

**{¶41}** Appellant has not presented any evidence to support a claim for misrepresentation. He has failed to demonstrate any question of fact that Frontier intended to mislead him. It is true that Frontier represented to Appellant that it would provide a flight from Florida to Ohio. However, nothing supports the conclusion that Frontier made that representation falsely or with reckless disregard as to whether it was true. Nothing supports the conclusion that Frontier had an intent to mislead Appellant to rely on that representation.

**{¶42}** There is no question of fact that Frontier notified Appellant that his flight was cancelled due to maintenance issues prior to the departure time and gave him the option of rebooking a flight the next day or receiving a refund of the unused portion of his ticket. When appellant chose to receive a refund of the unused portion of his ticket, that is what he received, including a refund of the voucher that he used to make the purchase. Therefore, Frontier was entitled to summary judgment on Count 2.

**{¶43}** As to Count 3, Appellant's claim under Ohio's Consumer Sales Practices Act fails both factually and legally. Factually, Appellant claims that he did not receive the

11

Case No. 2024-P-0024

full value of his ticket when Frontier issued him his refund.  However, Appellant received a voucher from Frontier, which he applied to his ticket purchase.  When he chose to have the ticket refunded, Frontier refunded appellant the full value of the unused ticket: $231.94 ($181.94 refunded to a credit card and $50.00 refunded as a voucher).

{¶44}  Legally, Appellant cannot maintain a claim under Ohio's Consumer Sales Practices Act because the ADA preempts his claim.  In *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995), the plaintiffs were participants in a frequent flier program and challenged American Airlines' retroactive changes to the terms and conditions of the program under the Illinois Consumer Fraud and Deceptive Business Practice Act.  *Id.* American Airlines argued the ADA preempted the cause of action.  *Id.*

{¶45}  The United States Supreme Court held that the ADA prohibited states from enacting or enforcing any law regulating air carriers' rates, routes, or services.  *Id.* at syllabus.  However, the court did create a carve out for state enforcement of contract terms set by the parties themselves.  *Id.* At least one Ohio court has relied on *Wolens* in holding that "the ADA only preempts state law with respect to the application of state consumer sales practices statutes against airlines that are regulated by the ADA." *Kneuss v. Rittenour*, 2002-Ohio-6126, ¶ 22 (5th Dist.).

{¶46}  We find that the ADA preempts Appellant's claim under Ohio's Consumer Sales Practices Act because Frontier's Customer Service Plan contains a refund policy that it is required to adopt pursuant to Federal Law. *See* 14 CFR § 259.5 (requires carriers to adopt Customer Service Plan); 14 CFR § 374.3 (requires carriers to comply with Consumer Credit Protection Act and regulations); and 12 CFR Part 226 (Truth in Lending

Case No. 2024-P-0024

regulations). This falls under the ADA's preemption prohibiting states from enforcing any law regulating an air carrier's rates, route, or service.

{¶47} In the event of cancellation, the refund policy requires Frontier to provide a full refund of any unused portion of a ticket and nothing more. Appellant received that full refund as addressed above. The ADA preempts Appellant's claims for any additional damages. Therefore, Frontier was entitled to summary judgment on Count 3.

{¶48} The trial court properly granted summary judgment in favor of Frontier and denied Appellant's motion to compel as moot. *See Browne v. Walgreens*, 2003-Ohio-6691, ¶ 21 (11th Dist.).

{¶49} Accordingly, Appellant's assignment of error is without merit.

{¶50} For the foregoing reasons, the judgment of the Portage County Municipal Court, Kent Division, is affirmed.

MARY JANE TRAPP, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2024-P-0024